NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30541
04-OCT-2010
07:29 AM

NO. 30541

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE ESTATE OF ELMER R. MITCHELL, aka ELMER ROSS MITCHELL

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 08-1-0217)

ORDER DISMISSING APPEAL
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Petitioner-Appellant Calvin Mitchell has asserted from the "Order Denying Petition for Accounting from Personal Representative Susan G. Miyasato, Removal of Susan G. Miyasato as Personal Representative, Appointment of Successor Personal Representative, Order Directing Successor Personal Representative to Create the Jane Mitchell Trust and Disqualify Personal Representative Susan G. Miyasato from Being Appointed Trustee of the Jane Mitchell Trust, and Surcharge Filed December 2, 2009" (the April 28, 2010 Order), because the April 28, 2010 Order is an interlocutory order that is not independently appealable pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) and Rule 34 of the Hawaiʻi Probate Rules (HPR).

HRS § 641-1(a) is the law that authorizes appeals from a probate court's final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). The Supreme Court of Hawai'i has promulgated HPR Rule 34, which generally requires the entry of a judgment for an appeal:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>
> (a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.
>
> (b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.
>
> (c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>
> (d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added).

The probate court has not reduced the April 28, 2010 Order to a separate judgment. The probate court has not certified the April 28, 2010 Order in the manner provided by HRCP Rule 54(b). The probate court has not certified the April 28, 2010 Order for an interlocutory appeal in accordance with HRS § 641-1(b). Therefore, the April 28, 2010 Order is not eligible for appellate review pursuant to HRS § 641-1(a) and HPR Rule 34.

Although common law exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine) and the collateral order doctrine, the April 28, 2010 Order does not satisfy all of the requirements for appealability under the Forgay doctrine or the collateral order doctrine.  See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine).

Absent an appealable judgment or an appealable order, this appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 4, 2010.

Presiding Judge

Associate Judge

Associate Judge